UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAYRON ALBORNOZ-POSSO,<br><br>Petitioner,<br><br>v.<br><br>R. THOMPSON FCI FORT DIX WARDEN,<br><br>Respondent. | Case No. 24–cv–11248–ESK<br><br>OPINION AND ORDER |

**THIS MATTER** is before the Court on a petition for writ of habeas corpus filed by petitioner Dayron Albornoz-Posso pursuant to 28 U.S.C. § 2241 (Petition). (ECF No. 1). Petitioner argues that the Bureau of Prisons (Bureau) improperly revoked his good conduct credits that he had earned pursuant to the First Step Act (Act). (*Id.* p. 5.) For the following reasons, I will dismiss the Petition as duplicative.

## BACKGROUND & PROCEDURAL HISTORY

1.   On April 2, 2019, petitioner pleaded guilty to manufacturing and distributing cocaine intending and knowing that the cocaine would be unlawfully imported into the United States, 21 U.S.C. §§ 959, 960(b)(1)(B). *United States v. Posso*, No. 4:16–cr–00046 (E.D. Tex. Apr. 2, 2019) (ECF No. 127.)[1]

2.   Petitioner received a 135-month sentence on October 7, 2019. *Posso*, No. 4:16–cr–00046 (ECF No. 194.) On February 8, 2024, the district court granted petitioner's motion to reduce his sentence and reduced petitioner's sentence to 108 months. *Posso*, No. 4:16–cr–00046 (ECF No. 300.) His projected release date from Bureau custody is February 13, 2025. Bureau Inmate Locator, available at https://www.bop.gov/inmateloc/ (last visited Jan. 13, 2025).

3.   Petitioner filed a habeas corpus petition pursuant to § 2241 on April 4, 2024 arguing that the Bureau improperly revoked good conduct credits that he had earned prior to receiving a Notice and Order of Expedited Removal

---

[1] I take judicial notice of the public filings in petitioner's criminal case.

(Removal Order) from the Department of Homeland Security (Department). *Posso v. Warden FCI Fort Dix*, No. 24–cv–04555 (ECF No. 1) (First Petition).

4. I denied the First Petition on October 29, 2024 after concluding that petitioner was not eligible under the Act to have good conduct credits applied to his sentence. (First Petition ECF No. 10.)

5. Petitioner filed a second § 2241 petition on December 16, 2024. *Albornoz-Posso v. Thompson*, No. 24–cv–11193 (ECF No. 1) (Second Petition). The Second Petition was functionally identical to petitioner's First Petition. I denied the Second Petition on January 10, 2025. (Second Petition ECF No. 3.)

6. The instant Petition was submitted at the same time as the Second Petition. (ECF No. 1.)

## DISCUSSION

7. The Petition is an exact duplicate of the Second Petition. I will therefore dismiss the Petition as duplicative. *See Fabics v. City of New Brunswick*, 629 F. App'x 196, 198–99 (3d Cir. 2015) (holding district court did not abuse its discretion by dismissing with prejudice a complaint on grounds that it was duplicative of a previous complaint filed by plaintiffs).

Accordingly,

**IT IS** on this **13th** day of **January 2025 ORDERED** that:

1. The Petition at ECF No. 1 is dismissed as duplicative of No. 24–cv–11193.

2. The Clerk shall send a copy of this opinion and order to petitioner by regular mail and mark this case closed.

                          */s/ Edward S. Kiel*
                          **EDWARD S. KIEL**
                          **UNITED STATES DISTRICT JUDGE**